**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 1:09-cr-24 (WLS) |
| : | |
| EDDIE DEWAYNE STARKS, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 43). Defendant moves this Court to reduce his sentence pursuant to Amendment 750, effective November 1, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. However, as both the Government and Defense counsel note, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. (Doc. 53 at 1; Doc. 56 at 3.) Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (rejecting argument that *Freeman v. United States*, 131 S. Ct. 2685 (2011) undermines binding Eleventh Circuit precedent that holds that career offenders are ineligible for reduction under Amendment 750).

The Eleventh Circuit has held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a

1

reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1320–21 (11th Cir. 2008) (concluding that when a defendant's sentence is based on the guideline ranges applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges). When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence. *Lawson*, 686 F.3d at 1321. Accordingly, Defendant's sentence was not affected by Amendment 750 because he was sentenced as a career offender; thus, the original sentence imposed remains accurate. (Doc. 34.)

The Court sentenced Defendant as a career offender. (Doc. 53 at 1; Doc. 56 at 3.) Accordingly, Defendant's base offense level, under § 4B1.1, for violation of 21 U.S.C. § 846 in connection with §§ 841(a)(1) and 841(b)(1)(B)(iii), conspiring to possess with intent to distribute more than five grams of cocaine base, yielded a base offense level of 34. The Court reduced Defendant's offense level by three points. Under Defendant's career-offender offense level of 31 and a criminal-history category of VI, the guideline imprisonment range was 188 months to 235 months. The Court departed downward in its final sentencing and Defendant received 144 months' imprisonment for his drug conviction. Accordingly, his sentence was below the guideline range at that time. Defendant is not eligible pursuant to the crack amendment for a sentence reduction.

Accordingly, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 43) is **DENIED**.

**SO ORDERED**, this ___7th__ day of May, 2013

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**